## In re Plan No. 166.
## Appeal of the City of Philadelphia.

93   221<br>195   158

1. The 1st section of the Act of June 6th 1871, provides that the Board of Surveyors of the City of Philadelphia shall be invested with full authority to examine and finally confirm or reject all plans of survey or revisions of plans of the city where the same have been made by the direction of councils of said city; and the 2d section of said act directs that no plan for survey or regulation, or a revision of either or both, shall be finally acted upon by the board until public advertisement shall have been made, and that the confirmation by the board should be final and conclusive, without appeal. An appeal was taken from the board to the Court of Quarter Sessions. *Held*, that it would not lie.

2. The 3d section of said Act of 1871 provides that no street should thereafter be added to any confirmed plan until the same has been approved by the Board of Surveyors; provided that an appeal may be taken from their decision to the Court of Quarter Sessions. *Held*, that this provision for an appeal in said sections referred solely to the action of the board in confirming the addition of a street to a confirmed plan, and does not apply to the whole act.

February 19th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Certiorari to the Court of Quarter Sessions of *Philadelphia county:* Of January Term 1879, No. 6.

Certiorari by the city of Philadelphia to the decision of the court in the matter of the appeal of A. R. Govett and the Insurance Company of Pennsylvania from the decree of the Board of Surveyors, made February 4th 1878, confirming plan No. 166.

On February 14th 1810, William Hamilton recorded in the office of the Recorder of Deeds of the county of Philadelphia, a plan of streets dedicated by him to public use in the village of Hamiltonville, of which he was then the proprietor. Upon this plan, one of the streets named William street, beginning at the northwesterly side of another street named Woodlands street, which was the old Darby road or Baltimore pike, ran for a short distance northwesterly at right angles thereto, and then turning an angle to the right hand, ran nearly due north for the remainder of its length.

On April 17th 1862, an Act of Assembly was passed confirming plans of the first and second sections of the survey of West Philadelphia, as approved by the board of surveys of the city of Philadelphia. Upon these plans, Thirty-ninth street was laid down over and corresponding to the lines of William street aforesaid, with this difference only, that the west line of Thirty-ninth street was made straight throughout its entire length, so that the lines of the street diverged as it approached Woodlands street, leaving a

[In re Plan No. 166.]

large open triangular space at the point of intersection of those streets.

On May 16th 1871, a resolution of councils passed to open Thirty-ninth street. Under this resolution, proceedings to obtain an assessment of damages were taken, and await a final decision of this court, in the matter of the appeal.

On December 31st 1875, an ordinance of councils directed a revision of lines and grades upon plan 166, Twenty-seventh ward.

On February 4th 1878, a decree of the board of surveyors confirmed plan 166, so far as the west line of Thirty-ninth street, from Talbot place to Woodlands street, was parallel with the east line thereof and sixty feet therefrom.

On May 1st 1878, Govett and others appealed to the court below, and on July 11th 1878, an order of the court recommitted the plan with instructions to establish the west line of Thirty-ninth street in conformity with the plan as it existed prior to February 4th 1878. No opinion was delivered or filed by the court. The city took this writ, alleging that the court erred as follows :—

1. The confirmation of plan 166 by the board of surveyors is final and conclusive, without appeal, and the court below erred in sustaining the appeal.

2. In instructing the board of surveyors to establish the west line of Thirty-ninth street, in conformity with the plan as it existed prior to February 4th 1878, whereas the authority of the court is, at the utmost, limited to remanding the plan for reconsideration and revision.

3. In sustaining the appeal, it not appearing that the appellants have or had any sufficient interest in the subject-matter to entitle them to appeal.

The sections of the Act of June 6th 1871, entitled, "An act relative to plans of survey and regulation in the city of Philadelphia," provide : Sect. 1. Be it enacted, &c., that the Board of Surveyors of the city of Philadelphia, as elected and constituted under Acts of Assembly, be and the same are hereby invested with full authority to examine and finally confirm or reject all plans of survey or revisions of plans of the city of Philadelphia, when the same have been made by the direction of the Select and Common Councils of the said city ; and for the purpose of enabling the said boards to carry out the intent of this act they are hereby authorized, through their presiding officer, to administer oaths and affirmations, and hear testimony, and shall use a seal for all official papers.

Sect. 2. No plan for survey or regulation, or a revision of either or both, shall be finally acted upon by the said board of surveyors until public advertisement shall have been made in three of the public newspapers in the city of Philadelphia, six times in each during the thirty days immediately preceding the proposed

[In re Plan No. 166.]

action, and that hand-bills be posted upon and throughout the area covered by the plan to be considered, giving notice of a hearing thereof for at least thirty days prior to said hearing; and that upon the confirmation of any plan of surveys and regulations by the said board of surveyors, the seal of the board shall be affixed thereto and attested by the presiding officer; said confirmation to be final and conclusive without appeal.

Sect. 3. No street shall hereafter be added to any confirmed plan of the city of Philadelphia, and called a public street, until the same shall have been approved by the board of surveyors as to location, width and grades, and shall extend from street to street as a thoroughfare: Provided, That an appeal may be taken to the Court of Quarter Sessions of the city and county of Philadelphia, at any time within three months after said board of surveyors shall have finally confirmed any plan as aforesaid, when said court may, after a hearing, confirm said plan as submitted, or remand it back to the board of surveyors for reconsideration and revision.

*Theo. P. Matthews*, and *Wm. Nelson West*, City Solicitor, for the City.—The confirmation of the plan by the board of surveyors was final and conclusive without appeal. The action of the board was not the mere addition of a new street to an old plan under the third section of the Act of June 6th 1871, but a complete revision of the plan under the second section of said act. And in the words of that section the "said confirmation" should be "final and conclusive without appeal." The proviso to the third section does not apply to the whole act, for if it does, it destroys the whole purpose of the act as expressed in the first section, and repeals by implication the declaration at the close of section second. The purpose of the act was to withdraw the consideration of plans, which is purely a matter of engineering, from lawyers unskilled in that science, and to give it to surveyors, skilful in their profession. One section of an act will not repeal another unless they are plainly inconsistent. Implied repeals are not favored. Applying these principles of construction to the Act of 1871, we need only consider the clause giving the appeal to be what it purports, a proviso to the third section only, and not to the second and third sections; thus the whole act will stand. Not a word need be rejected as surplusage; still less need we reject a whole clause as repugnant to the rest of the act. The authority of the court was limited to remanding the plan for reconsideration and revision.

The parties who appealed from the board, had no sufficient interest in the subject-matter to entitle them to appeal. They are in no way concerned in the planning of the city. No private person is a proper party to an action involving the public interests, unless he has an interest which differs in kind as well as in degree

[In re Plan No. 166.]

from that of the rest of the public: Flanagan *v.* City of Philadelphia, 8 Phila. R. 110; Heffner *v.* The Commonwealth, 4 Casey 108.

*David W. Sellers*, for the appellees.—An appeal lies from the decree of the board: Duhring's Appeal, 10 Phila. R. 181. Govett was an owner of a block of houses on Pine street, which had been built on the faith that Thirty-ninth street should be opened according to the plan which existed at the time he acquired title; and it may be remarked of his investments as was remarked in Paynter *v.* Young, 4 Phila. R. 154, " The landmarks of a street of a city, upon the faith of which the citizen invests his money in the improvement of his property should not be changed for light and trifling causes." This court has no power of review over the action of the court below. The proceeding is statutory, and no appeal is given to this court. Without such legislation the action of the Quarter Sessions is subject to no judicial inquiry: Hughes *v.* Kline, 6 Casey 227; Hulseman *v.* Rems, 5 Wright 396; Richardson's Appeal, 6 Casey 510.

Mr. Justice TRUNKEY delivered the opinion of the court, March 1st 1880.

Prior to the Act of June 6th 1871, the plans of survey were subject to the approval and alteration of the Court of Quarter Sessions. In this respect, it is claimed on the part of the city, that the Act of 1871 made a radical change in the law, and that such was a principal object. The first assignment of error is to the decision of the court, that an appeal could be taken from the confirmation of a plan of surveys made by the board of surveyors.

By the first section of the act the board of surveyors are " invested with full authority to examine, and finally confirm or reject all plans of surveys or revision of the plans of the city of Philadelphia, when the same have been made by the direction of the select and common councils of the said city ;" and the second section provides for notice and hearing, " and that upon the confirmation of any plan of surveys and regulations by the said board of surveyors, the seal of the board shall be affixed thereto and attested by the presiding officer; said confirmation to be final and conclusive without appeal." Stopping here the act is too plain for interpretation—it means but one thing, and that is expressed in direct and simple terms—there can be no appeal from the confirmation by the board.

To overthrow this enactment it is urged, that the proviso in the following section is repugnant, and, therefore, the investiture of " authority to examine and finally confirm or reject," " said confirmation to be final and conclusive without appeal," is repealed by another part of the same act. Unless this be very clear it cannot

[In re Plan No. 166.]

be admitted. The third section enacts, that no street shall be added to a confirmed plan until it shall have been approved by the board of surveyors as to location, width and grades; Provided, that an appeal may be taken to the Court of Quarter Sessions within three months after said board shall have finally confirmed any plan as aforesaid. If there be a subject to which this proviso giving the right of appeal may properly refer, it cannot be extended to one expressly declared to be without that right : City of Erie *v.* Bootz, 22 P. F. Smith 196. The proviso is immediately related to the enactment for adding a new street to a confirmed plan, and its application to that subject requires no forced construction. The words "shall have finally confirmed any plan as aforesaid," may not be the most apt for designation of a plan, as affected by the addition of a street, yet they can be so understood, while if referred to the "plans of survey or revision of plans," the subject of the first and second section, an important part, which is evidently a main object of the statute, is abrogated. Every rule of interpretation demands that the statute be so construed that the whole may, if possible, stand. We are of opinion that there is no insuperable obstacle in the way of giving effect to every part of this act, and that one of its clearly expressed intendments is, that the confirmation of a plan of survey, under the provisions of the first and second sections, shall be final.

The first assignment being sustained, the points presented in the others are not in the case.

Order of July 11th 1878 reversed, and the record remitted.